UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.     CRIMINAL ACTION NO. 2:22-00035-01

DAVID SHANNON BROWNING

<u>MEMORANDUM OPINION AND JUDGMENT ORDER</u>

Pending before the court is "Defendant's 18 USC 3582()(2) [sic] Motion for Reduction of Sentence Per Amendment 921 [sic] (2023) Status Points," filed on April 23, 2024, wherein the defendant requests a reduction in his sentence pursuant to 18 U.S.C. §3582(c)(2) and Amendment 821,[1] and requests appointment of counsel to pursue the relief set forth above.

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment

---

[1] The court notes that the defendant used, in the title of his motion, 18 USC 3582()(2) and Amendment 921. Inasmuch as Amendment 821 of the United States Sentencing Guideline effective November 1, 2023, is the Amendment affecting status points, and inasmuch as Title 18 U.S.C. §3582(c)(2) is the statute that pertains to modification of a sentence based on a sentencing range that has been subsequently lowered, the court construes defendant's motion to mean Amendment 821 and Title 18 USC §3582(c)(2).

addresses status points (additional criminal history points given for the fact of having committed the instant offense while under a criminal justice sentence), decreasing them by one point for individuals with seven or more criminal history points (excluding status points) and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect.

On April 25, 2022, the defendant pled guilty to Count Three of a five-count Indictment.  Count Three charged the defendant with distribution of a quantity of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1).  At the time of his original sentencing, the defendant was assessed ten criminal history points, eight points for prior criminal convictions, and two points added to his criminal history points as he committed the offense of conviction while under a criminal justice sentence. These two additional points are known as status points.  The defendant had a Total Offense Level of 27 and a Criminal History Category of V, for a Guideline range of 120 to 150 months.  On

February 14, 2023, the court imposed a downward variant sentence of imprisonment of 72 months on Count Three, to be served consecutively to a twelve-month term of imprisonment imposed in the revocation of supervised release in another criminal action, to be followed by 5 years supervised release.

Following the retroactive amendment to the Guidelines, the defendant's status points would only amount to 1 status point inasmuch as his criminal history score was above 7, before any application of status points. Adding the one status point yields a criminal history score of nine, which yields a lower Criminal History Category of IV. The new Criminal History Category of IV with the Total Offense Level of 27, results in an amended Guideline range of 100-125 months as to his offense of conviction.

The defendant is ineligible for a sentence reduction under Amendment 821 because he received a variant sentence of 72 months on Count Three which sentence is already below the minimum of the amended guideline range of 100-125 months. Pursuant to U.S.S.G § 1B1.10(b)(2)(A), "the court shall not reduce the defendant's term of imprisonment ... to a term that is less than the minimum of the amended guideline range."

Accordingly, it is ORDERED that Defendant's Motion be, and it hereby is, GRANTED to the extent that his Criminal History Category is amended and is now a Criminal History Category of IV, DENIED as to appointment of counsel, and DENIED as to any reduction in his sentence. The sentence imposed on February 14, 2023, and set forth in the Judgment Order entered on February 17, 2023, remains in effect.

The Court DIRECTS the Clerk to send a copy of this Order to Defendant, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER: July 11, 2024

_____
John T. Copenhaver, Jr.
Senior United States District Judge